UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW SULLIVAN,

        Plaintiff,

v.                                      CASE NO. 3:09-CV-00411-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision

denying his application for a Period of Disability, Disability Insurance Benefits ("DIB"), and

Supplemental Security Income ("SSI").  The Court has reviewed the record, the briefs, and

the applicable law.  For the reasons set forth herein, the Commissioner's decision is

**REVERSED and REMANDED**.

### I.    Statement of Issues

There are three issues on appeal.  First, Plaintiff argues the Administrative Law

Judge ("ALJ") erred in failing to explain what weight he assigned to a report prepared in

August 2007 by Dr. Louis Legum, a consultative examiner, which provides that Plaintiff had

marked limitations in his ability to interact appropriately with supervisors.  Second, Plaintiff

asserts the ALJ erred in failing to incorporate into Plaintiff's residual functional capacity

("RFC") assessment the ALJ's finding that Plaintiff suffers from moderate concentration

limitations.  Finally, Plaintiff claims that the ALJ failed to articulate good cause for not

crediting the opinion of Plaintiff's treating physician, Dr. George Restea.  Dr. Restea

---

[1]The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Docs.
16 & 17.)

imposed more severe limitations regarding Plaintiff's functional capacity than the ones imposed by Dr. Robert B. Dehgan, a consultative examiner, whose opinion was given more weight.  Also, the ALJ gave greater weight to the findings of another treating physician, Dr. Wilda Murphy, whose opinion did not include relevant information on Plaintiff's functional limitations.  Because the Court agrees with Plaintiff on all three issues, the Commissioner's decision is due to be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

## II.     Procedural History

In January 2005, Plaintiff protectively filed applications for a Period of Disability, DIB, and SSI, alleging he had been unable to work since April 13, 2004.  (Tr. 61-62, 86, 90.)  The Social Security Administration ("SSA") denied these applications initially and upon reconsideration.  (Tr. 61-62A, 74, 79-84.)  Plaintiff then requested and received a hearing before an ALJ on January 2, 2008.  (Tr. 35-41, 402-25.)  Plaintiff testified at the hearing, as did a vocational expert ("VE").  (Tr. 402-25.)

On February 25, 2008, the ALJ issued his decision, finding Plaintiff not disabled and denying his claim.  (Tr. 11-33.)  Plaintiff filed a Request for Review by the Appeals Council, which was denied.  (Tr. 4, 10, 393-400.)  Accordingly, the ALJ's February 25, 2008 decision was the final decision of the Commissioner.  (Tr. 4.)  On May 6, 2009, Plaintiff timely filed his Complaint with this Court.  (Doc. 1.)

## III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. §§ 404.1520, 416.920.   The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[2]

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'").

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the

---

[2] The law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *see also McCruter v. Bowen*, 791 F.2d 1544, 1545 n.2 (11th Cir. 1986).

Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.     Summary of the ALJ's Decision

The ALJ first determined Plaintiff met the insured status requirements of the Social Security Act through March 31, 2007. (Tr. 19.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date, April 13, 2004. (*Id.*) At step two, the ALJ determined that Plaintiff had the following severe impairments:

> personality disorder not otherwise specified with borderline passive aggressive features; alcohol abuse/dependence; mood disorder due to medical condition; chronic pain disorder associated with medical and psychological factors; cervical radiculopathy; chronic low back pain; status post cervical fusion; degenerative disc disease; status post bilateral carpal tunnel release; status post knee surgery; headaches; and tendonitis of the left shoulder.

(Tr. 20 (citations omitted).)

At step three, the ALJ concluded that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) However, in engaging in the step three analysis, the ALJ found that Plaintiff had moderate difficulties in social functioning and with respect to concentration, persistence, or pace. (Tr. 21-22.)

The ALJ then determined that Plaintiff has the RFC to perform light work activity.

(Tr. 23.)  The ALJ also found:

> [Plaintiff] can lift and/or carry ten pounds frequently and up to twenty pounds occasionally.  He can at one time sit for up to 2 hours, stand for up to 1 hour, and walk for up to 30 minutes.  In an eight hour day he can sit for up to 5 hours, stand for up to 2 hours, and walk for up to 1 hour.  . . . .  The claimant can occasionally perform postural activities of climbing stirs [sic] and ramps, climb ladders or scaffolds, and stoop.  The claimant can frequently perform postural activities of balancing, kneeling, crouching and crawling.  The claimant should never be exposed to unprotected heights.  The claimant can tolerate frequent exposure to moving mechanical parts, operating a motor vehicle, and humidity and wetness.  The claimant can occasionally tolerate exposure to dust, odors, fumes and pulmonary irritants, extreme cold, extreme heat and vibrations.  The claimant: can perform activities like shopping; is able to travel without a companion for assistance; can ambulate without using a wheelchair, walker, or 2 canes or 2 crutches; can walk a block at a reasonable pace on rough or uneven surfaces; can use standard public transportation; can climb a few steps at a reasonable pace with the use of a single hand rail; . . . .  Psychologically, the claimant can primarily work alone with minimal interaction with co-workers or supervisors.

(*Id.*)

The ALJ further determined that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  (Tr. 26.)  The ALJ decided that the opinions of Plaintiff's treating physician, Dr. Restea, should not be given controlling weight because they were inconsistent with his own records and with the record as a whole.  (Tr. 27-28.)  The ALJ gave great weight to the opinion of another treating physician, Dr. Murphy, that Plaintiff had a compliance problem with distribution and allocation of his pain medications, and to Dr. Dehgan's consultative opinion.  (Tr. 29.)  The ALJ rejected the restrictions imposed by Dr. Restea and adopted the restrictions imposed by Dr. Dehgan.  (Tr. 23.)

At step four, the ALJ determined Plaintiff was unable to perform any of his past

relevant work.  (Tr. 29.)  At step five, based on the VE's testimony, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  (Tr. 30.) Thus, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from April 13, 2004 through the date of his decision.  (Tr. 15.)

## V.    Analysis

### A.    Whether the ALJ erred in failing to explain what weight he assigned to Dr. Legum's opinion

Plaintiff argues the ALJ erred in failing to explain what weight he assigned to the opinion of Dr. Legum, who performed a consultative examination of Plaintiff in August of 2007 and opined, *inter alia*, that Plaintiff had marked limitations in his ability to interact appropriately with supervisors.  (Doc. 14.) The Commissioner responds that while "the ALJ did not refer to Dr. Legum by name, the decision demonstrates that he considered the psychologist's report in evaluating Plaintiff's mental impairment (Tr. 20-22)."  (Doc. 15.) In a footnote, the Commissioner notes that "as a one-time consultative examiner, Dr. Legum's opinion was not entitled to great weight."  (*Id.*)

The ALJ is required to consider all of the evidence in Plaintiff's record when making a disability determination.  *See* 20 C.F.R. §§404.1520(a)(3), 416.920(a)(3).  "[T]he ALJ should state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence."  *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990); *see also Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (stating the ALJ must state the weight afforded to the evidence considered).  "Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously

6

probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'"   *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)).   Although the ALJ is required to consider all of the evidence, he is not required to discuss all of the evidence presented, but rather "must explain why 'significant probative evidence has been rejected.'"   *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam).

In the present case, the ALJ did not mention Dr. Legum's August 2007 consultative examination report.[3]   Dr. Legum opined that Plaintiff had marked limitations in his ability to interact appropriately with supervisors and moderate limitations in his ability to carry out complex instructions, make judgments on complex work-related decisions, and interact appropriately with the public and co-workers.  (Tr. 359-60.)  The ALJ did not explain why this significant probative evidence was apparently rejected.  This evidence was significant because, on cross-examination by claimant's attorney, the VE testified that all work would be eliminated if claimant's ability to relate to supervisors was markedly limited.  (Tr. 464.) Therefore, the Court will reverse and remand in order for the ALJ to consider Dr. Legum's opinion and explain what weight it should be given and why.

### B.   Whether the ALJ erred in failing to include Plaintiff's moderate concentration limitations in the RFC assessment

Plaintiff also argues the ALJ erred in failing to incorporate into the RFC assessment

---

[3] The ALJ simply stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p" and that he "also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p."  (Tr. 24.)

his finding that Plaintiff suffers from moderate concentration limitations.  (Doc. 14.)  Plaintiff asserts that under Social Security Ruling 85-15, the ALJ was required to analyze the extent to which moderate concentration difficulties limited Plaintiff's ability to understand, remember, and carry out instructions.  (*Id.*)  The state agency physicians, Dr. Michael H. Zelenka and Dr. A. Alvarez-Mullin, opined in 2005 that Plaintiff was moderately limited in understanding, remembering, and carrying out detailed instructions.  (Tr. 219, 297-99.)  The Commissioner responds that the ALJ utilized the medical-vocational guidelines and the jobs identified by the ALJ as being compatible with Plaintiff's RFC assessment were unskilled.  (Doc. 15.)  These unskilled jobs included a cashier, a hand packager, and a labeler.  (Tr. 31, 461-62.)

When assessing Plaintiff's mental abilities, the ALJ must first assess the nature and extent of Plaintiff's mental limitations and restrictions and then determine Plaintiff's RFC "for work activity on a regular and continuing basis."  20 C.F.R. §§ 404.1545(c), 416.945(c). "A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce" Plaintiff's ability to perform past work and other work.  *Id.*  "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."  Social Security Ruling 85-15.

In the present case, the ALJ found that Plaintiff had moderate difficulties in social functioning and with respect to concentration, persistence, or pace.  (Tr. 21-22.)  The ALJ

did not include the finding of moderate difficulties in the RFC assessment.  Other courts

in this District have found that "moderate limitations in social functioning and concentration,

persistence, or pace constitute greater restrictions than a limitation to unskilled work."

*Millhouse v. Astrue*, 2009 WL 763740, at *3 (M.D. Fla. Mar. 23, 2009); *Clements v. Astrue*,

2009 WL 260980, at *6 (M.D. Fla. Feb. 4, 2009); *see also Stewart v. Astrue*, 561 F.3d 679,

684-85 (7th Cir. 2009).   Therefore, the Court will reverse and remand so the ALJ can

explain the inconsistency between his finding of moderate difficulties in social functioning

and with respect to concentration, persistence, or pace and his finding with respect to

Plaintiff's RFC.   In addition, the ALJ should analyze the extent to which moderate

concentration limitations affect Plaintiff's ability to understand, remember, and carry out

instructions, should consider the opinions of Dr. Zelenka and Dr Alvarez-Mullin, and explain

what weight should be assigned to these opinions and why.

> ### C.   Whether the ALJ failed to articulate good cause for not crediting Dr. Restea's treating opinion

Plaintiff argues the ALJ failed to articulate good cause for not crediting Dr. Restea's

treating opinion that included more severe limitations on Plaintiff's functional capacity than

expressed in Dr. Dehgan's consultative evaluation.  (Doc. 14.)  Plaintiff also argues that

the ALJ erred in giving greater weight to Dr. Murphy's treating opinion that did not include

relevant information on Plaintiff's functional limitations.  (*Id.*)  Plaintiff points out that the

only specific reason the ALJ provided for not crediting Dr. Restea's treating opinion was

the statement in Dr. Restea's progress notes that Plaintiff was employed part-time, working

two days a week, during the summer of 2004.  (*Id.*)  However, the notes also indicate that

Plaintiff expressed that he "can't move [because it] hurts like hell."  (Tr. 247, 249.)  The

Commissioner responds that the ALJ gave great weight to the opinions of Dr. Murphy and Dr. Dehgan, and that the RFC assessment was consistent with the functional abilities reported by Dr. Dehgan. (Doc. 15.) For the reasons expressed below, the Court holds that the ALJ failed to apply the correct legal standards in evaluating Dr. Restea's treating opinion, which are set forth in 20 C.F.R. §§ 404.1527(d) & 416.927(d), and failed to articulate good cause for discrediting that opinion.

Substantial weight must be given to a treating physician's opinion unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards*, 937 F.2d at 583. A treating physician's opinion on the nature and severity of Plaintiff's impairments is given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if "it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583. "The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments." *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) (finding that a treating physician's opinion that claimant was totally disabled was properly discounted because "it was not supported by objective medical evidence and was merely conclusory").

When a treating physician's opinion does not warrant controlling weight, the ALJ

must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion with the record as a whole, (5) specialization in the medical issues at issue, and (6) any other factors that tend to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).   However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Dr. Restea opined in June 2004 that Plaintiff could lift and/or carry five pounds occasionally and one pound frequently; could sit, stand, or walk for one hour during an eight-hour workday; should avoid dust, fumes, gases, extremes of temperature, humidity, and other environmental pollutants; could never push, pull, climb, balance, grasp, twist, handle, bend, stoop, and work with or around hazardous machinery; would likely be absent from work as a result of the impairments or treatment more than four days per month; and would require fifteen minutes of rest every hour to alleviate the pain.  (Tr. 369.)  Dr. Restea's treatment notes also show that Plaintiff returned to work part-time, two days a week, during the summer of 2004, and that Plaintiff expressed that he "can't move [because it] hurts like hell."  (Tr. 247, 249.)

Although the Court agrees that the ALJ did not have to give Dr. Restea's opinions controlling weight, the ALJ failed to articulate good cause for not giving these opinions substantial weight.  As previously noted, 20 C.F.R. §§ 404.1527(d) & 416.927(d) set forth the analysis, including a number of factors to be used, in determining the weight to give

11

medical opinions, including those of a treating doctor.  The ALJ's decision does not adequately analyze the weight to be given to Dr. Restea's opinions in light of these factors. Thus, remand is appropriate to allow the ALJ to re-weigh Dr. Restea's opinions applying these standards.

Moreover, the evidence upon which the ALJ relied does not constitute good cause to reject Dr. Restea's opinions.  First, given Plaintiff's complaints of pain upon attempting to work part-time, the Court does not view Dr. Restea's progress notes as inconsistent with her opinions.  Second, to the extent the ALJ rejected Dr. Restea's opinion by relying on Dr. Murphy's opinion that the claimant had a compliance problem with distribution and allocation of his opioid pain medication, Dr. Murphy's opinion does not constitute good cause because it does not include relevant information with respect to Plaintiff's functional capacity.  Although the ALJ could consider Plaintiff's non-compliance with his pain medication in evaluating whether Dr. Restea's opinion was consistent with the record as a whole, Dr. Murphy's opinion alone does not provide good cause to reject Dr. Restea's opinions.

Ultimately, the ALJ chose the opinion of a consulting doctor, Dr. Dehgan, regarding restrictions, over that of a treating doctor, Dr. Restea, and did not articulate good cause for doing so, in light of the required analysis set forth above.  Therefore, the Court will reverse and remand so that the ALJ can re-evaluate Dr. Restea's opinion under the correct legal standards identified herein.

## VI.    Conclusion

For all of the reasons cited in this Order, the ALJ's decision is not supported by substantial evidence and resulted from legal errors.  Therefore, this case must be

remanded.

Accordingly, it is **ORDERED**:

1.     The Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2.     On remand, the ALJ shall: (a) consider Dr. Legum's opinion and explain what weight it should be given and why; (b) explain the inconsistency between his finding of moderate difficulties in social functioning and with respect to concentration, persistence, or pace and his finding with respect to Plaintiff's RFC; analyze the extent to which moderate concentration limitations affect Plaintiff's ability to understand, remember, and carry out instructions; consider the opinions of Dr. Zelenka and Dr. Alvarez-Mullin; and explain what weight should be assigned to the opinions of Dr. Zelenka and Dr. Alvarez-Mullin and why; (c) re-evaluate Dr. Restea's opinion under the correct legal standards identified herein and in light of the issues discussed in this Order; and (d) conduct any further proceedings deemed appropriate.

3.     Should this remand result in the award of benefits, Plaintiff's attorney is **GRANTED**, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until fourteen (14) days after the date of the notice of award of benefits from the Social Security Administration.  This order **does not extend** the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

4.     The Clerk of the Court is **DIRECTED** to enter judgment consistent with this Order and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on September 17, 2010.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:    Counsel of Record