UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW SULLIVAN,

    Plaintiff,

v.                                                          CASE NO. 3:09-cv-411-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Unopposed Petition for Award of Attorney Fees under 42 U.S.C. § 406(b) ("Petition") (Doc. 28). Plaintiff makes a timely request for an award of $12,414.50 in attorneys' fees pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). (*Id.*) For the reasons stated herein, the Petition is due to be **GRANTED**.

    **I.**    **Background**

On May 6, 2009, Plaintiff filed his Complaint in this Court, appealing the Commissioner's denial of Social Security Disability and Supplemental Security Income benefits. (Doc. 1.) On September 17, 2010, the Court reversed the Commissioner's decision and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) because "the Court agree[d] with Plaintiff on all three issues." (Doc. 20 at 2.) On December 14, 2010, the Court granted Plaintiff's Consent Petition for Attorney Fees under the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412(d) (Doc. 25), and awarded Plaintiff's attorneys' fees in the amount of $4,135.55 for 22.3 attorney hours and 3.2 paralegal hours of work. (*See* Doc. 26.)  The Order provided that the EAJA fees would be paid directly to Plaintiff's counsel if the government determined that Plaintiff did not owe a federal debt.  (*Id.* at 4.)  Because Plaintiff did owe such a debt, the entire EAJA fee award was used to pay that debt.  (Doc. 28 at 1; Doc. 28-2.)

On remand, the Commissioner issued a decision on May 16, 2011, which was fully favorable to Plaintiff and awarded him $49,658.00 in past-due benefits.  (Doc. 28-4 at 1, 9.)  Pursuant to 42 U.S.C. § 406(b), the Commissioner set aside $12,414.50, which is 25 percent of Plaintiff's past-due benefits award, in escrow for the possible payment of attorneys' fees.  (Doc. 28-5 at 1.)  Plaintiff's attorneys, Chantal J. Harrington and Elizabeth Stakenbord, now seek an award of 25 percent of Plaintiff's past-due benefits pursuant to their contingent fee contract with Plaintiff.  (Doc. 28.)

The contract, which is attached to the Petition, provides, *inter alia*, that "[i]f Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration (SSA), Claimant agrees to pay Attorney a fee of Federal Court work [that] equals to 25% of the past-due benefits." (Doc. 28-3 at 1.)  The SSA approved this contract.  (*See* Doc. 28-4 at 4.)

**II.    Standard**

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their

clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement.  *Id.* at 808.  In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative achieved," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or benefits that "are large in comparison to the amount of time counsel spent on the case."  *Id.*

In this regard, the court may require the claimant's attorney to submit,

3

>not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

### III.   Analysis

The contingency fee contract in this case provides that Plaintiff agreed to pay his attorneys 25 percent of his past-due benefits. (Doc. 28-3 at 1.)  Plaintiff's counsel's request for an award of 25 percent of Plaintiff's past-due benefits, pursuant to that contract, is within the statutory maximum.  In addition, the SSA approved the contract between Plaintiff and his counsel. (*See* Doc. 28-4 at 4.)  Therefore, the Court finds the contract presumptively reasonable.

Moreover, the Court finds no reason to reduce the amount of the requested fee.  First, with respect to the character of the representation and the results achieved, the Court notes that Plaintiff's attorneys provided professional and skilled representation, as shown by the fact that Plaintiff prevailed on all three issues raised on appeal before this Court.  Ms. Harrington has been practicing law since 1989, with a primary focus on social security appeals since 1994, and is a co-author of the nationally-published *Bohr's Social Security Issues Annotated*.  Likewise, Ms. Stakenborg has been practicing law for many years and focuses her practice solely on social security disability.  As a result of these attorneys' efforts, Plaintiff was awarded past-due benefits in the amount of $49,658.00, as well as additional

monthly benefits going forward.

The Court also finds that counsel promptly prosecuted this case and created no undue delay. Further, the Court does not find the fee sought ($12,414.50) disproportionately large in relation to the total amount of time counsel spent on this case (22.3 hours). While counsel's rate in this case equates to approximately $560 per hour, this contingent fee rate is below the rates awarded other attorneys with similar experience in other contingency fee cases and will, therefore, not lead to a windfall.[1] *See, e.g.*, Howell v. Astrue, 3:06-cv-438-J-MCR (M.D. Fla. Jan. 5, 2009) (finding an hourly rate of $625 reasonable based on a 2.5 multiplier). There are no other potential reasons to reduce the fee. Therefore, because the Court finds the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, Plaintiff's attorneys will be awarded 25 percent of Plaintiff's past-due benefits.

Accordingly, it is **ORDERED and ADJUDGED**:

1. The Petition (**Doc. 28**) is **GRANTED**.

2. The Commissioner shall pay to Plaintiff's attorneys, Chantal J. Harrington and Elizabeth Stakenbord, the sum of $12,414.50 for attorneys' fees, out of Plaintiff's past-due benefits.

3. The Clerk of Court shall enter judgment accordingly.

---

[1] As the Commissioner has not objected to the instant fee request, this decision should not be viewed as precedent in a case where the rate is contested.

**DONE AND ORDERED** at Jacksonville, Florida, on August 16, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record